**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRANDON G. EDMONDS,**

      **Plaintiff,**

   v.                                   **Civil Action 2:16-cv-930
Judge George C. Smith
Magistrate Judge Jolson**

**CITY OF NEWARK, et al.,**

      **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiff Brandon G. Edmonds, a prisoner in the Licking County Justice Center, has submitted a complaint and a request for leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2) provides that, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. § 1915A further provides that, in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit.

The purpose of these statutory sections is to prevent lawsuits that are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. *See id*. at 325. A complaint may be dismissed for failure to state a claim if it fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*,

891 F.2d 591, 594 (6th Cir. 1989).

Applying these standards to Plaintiff's complaint, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff seeks to bring a civil rights claim on his own behalf, based on an allegedly illegal search of his home. (*See* Doc. 1-1 ("The Newark police performed an illegal search of my home."); *see also* Doc. 1-2 (identifying Brandon G. Edmonds as Plaintiff). However, in his "Statement of the Claim," Plaintiff indicates that the home searched was not his; instead, it belonged to Tiara Evans—the mother of his child. (Doc. 1-2 at 3). Plaintiff alleges that Defendants Minton and Wells "lied [to] and mislead" Ms. Evans, and entered her home "by unethical and illegal force," without a copy of the search warrant. (*Id*.).

Similarly, the alleged harm is to Ms. Evans, not Plaintiff. (*Id*. (asserting that Defendants "destroyed her property"). Plaintiff also claims harm to his child, who is now "fearful of adult males" due to the improper search of Ms. Evans's home. (*Id*.). Despite the fact that the allegations giving rise to the complaint do not relate to Plaintiff, he states that when Defendants Minton and Wells "stepped foot in that home, they violated a policy or custom which caused my 4th Amendment violation under 42 U.S.C. § 1983." (*Id*.).

As a *pro se* litigant, Plaintiff cannot bring this case for an alleged violation of Ms. Evans's rights. *See Smith v. Indian Hill Exempted Village School Dist.*, No. 1:10-cv-718, 2011 WL 4348101, at *7 (S.D. Ohio May 5, 2011) (noting that "a *pro se* litigant cannot act on behalf of another"). Further, even assuming that Plaintiff's daughter is a minor (which is not alleged in the complaint), he is prohibited from bringing this case on her behalf. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent."). For

these reasons, the complaint fails to state a claim to relief that is plausible on its face, and the Court RECOMMENDS DISMISSAL.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: November 29, 2016				/s/ Kimberly A. Jolson
						KIMBERLY A. JOLSON
						UNITED STATES MAGISTRATE JUDGE

3